UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISA MCALLISTER, *et al.*,<br>     Plaintiffs,<br>v.<br>CLARK COUNTY,<br>     Defendant. | Case No. 2:24-cv-00334-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 65, 66, 69, 72, 73, 74] |

Pending before the Court are Plaintiffs' motion to compel and motion for sanctions. Docket Nos. 65, 66. *See also* Docket Nos. 67, 68 (notices of corrected image). Also pending before the Court is Plaintiffs' motion for leave to file excess pages. Docket No. 69. Further, Defendant filed counter motions for protective order and sanctions. Docket Nos. 72, 73. Defendant also filed a motion for leave to file excess pages. Docket No. 74. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

### I.   MEET AND CONFER

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E. D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place.  *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).  The sheer volume of disputes presented can be a red flag that a sufficiently meaningful conferral effort did not occur.  *Reno v. W. Cab Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (*citing King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)).

Plaintiffs' motion seeks relief with respect to 82 requests for production and 9 interrogatories.  Although the motion is supported by a declaration attesting that a telephonic meet-and-confer was conducted, Docket No. 65-1 at ¶ 16, the Court is not persuaded that a sufficiently meaningful effort was made to at least narrow and focus the issues in dispute.

## II. PRELIMINARY OBSERVATIONS

While the Court will not rule on the pending disputes in these motions at this juncture, it will offer some preliminary observations in the hopes of aiding the upcoming conferral efforts.[1]

First, it is ultimately the burden of the party opposing discovery to justify its objections. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309-10 (D. Nev. 2019). Defendant's briefing seems detached from that basic assignment of burden in several ways. As a notable example with respect to relevance of the discovery regarding definitions of the terms in the ordinance, the Court has identified no meaningful argument from the defense as to how that information is not relevant to, for example, whether Defendant has met its burden to show that the ordinance responds to a real, rather than speculative, significant government interest. *See* Docket No. 51 at 38. Defendant instead appears to focus on Plaintiffs' alleged "[i]mpermissible attempt to [c]ompel [d]iscovery of the [s]ubject[ive] [i]ntent or [m]otives of [l]egislators," but that is not the issue currently before the Court in analyzing relevance for discovery purposes. *See* Docket No. 72 at 3-8. *See Big City Dynasty v. FP Holdings*, L.P., 336 F.R.D. 507, 511 (D. Nev. 2020); *see also PlayUp, Inc. v. Mintas*, 2024 WL 1285670, at *4 n.7 (D. Nev. Mar. 25, 2024); *Kiessling v. Rader*, 2017 WL 11310113, at *3 (D. Nev. Feb. 17, 2017).

Second, a "proportionality" objection is keyed to a number of different considerations: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rather than directly addressing these factors, Defendant's proportionality argument focuses on the purported burden and oppressiveness of complying with the discovery requests. *See* Docket No. 72 at 13. This "showing" of an undue burden is lacking in that it consists of the argument of counsel without any other evidentiary basis. *But see, e.g., Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997).

---

[1] The Court does not endeavor to address herein all of the issues arising in the current motion practice. Further, the Court expresses no opinion as to the merits of the issues raised.

Third, Defendant submits that the "only admissible evidence in resolving the claims raised in Plaintiffs' First Amended Complaint is the language of the ordinance itself, the legislative history, and other matters of actual fact in the public domain of which the Court may take judicial notice." Docket No. 72 at 13. Defendant asserts that the Court has indicated that its "burden in demonstrating its government interest is low and is satisfied by demonstrating from the language of the ordinance, the legislative history, and public statements from legislators that the harms underlying the enactment of the subject ordinance are real." *Id*. at 15. Defendant does not demonstrate where the Court has indicated that its burden is satisfied by the plain language of the ordinance, the legislative history, and public statements. Further, Defendant repeatedly submits that this case only consists of a facial challenge and, therefore, a broader scope of discovery is not warranted. *See* Docket No. 72 at 17, 19, 21, 25, 27, 28, 30, 33. However, United States District Judge Jennifer A. Dorsey has ruled that Plaintiff Summers brings a surviving as-applied challenge. Docket No. 51 at 38. Judge Dorsey further ordered that fact discovery is necessary and warned Defendant that it "must do more than rest on its assertion that, so long as it shouts out a traditionally recognized public interest, the court can't second-guess the legislative process." *Id*. at 32.

Fourth, parties are supposed to present discovery disputes to the Court "only in extraordinary situations that implicate truly significant interests." *Convergent Technologies*, 108 F.R.D. at 331. And yet, Defendant's briefing is often cursory in nature and devoid of meaningfully developed argument addressing the specific discovery in dispute. If these motions really do present important issues, then counsel must treat them as such and properly present their arguments to the Court with fulsome and organized discussion. *E.g., On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018)

### III.   CONCLUSION

For the reasons discussed above, these motions are **DENIED** without prejudice. Docket Nos. 65, 66, 69, 72, 73, 74. The parties must reengage in conferral efforts that are in-person, by video, or by telephone, no later than March 12, 2025. This discussion must be fulsome and must be conducted in the spirit of cooperation that is required. The vast majority of discovery disputes

should be resolved through cooperative dialogue.[2] In the unlikely event that compromise cannot be reached, any renewed motion practice on these discovery disputes must be brought no later than March 26, 2025.[3]

IT IS SO ORDERED.

Dated: March 5, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] It is not helpful to the Court when extraneous information is provided to vilify the opposing side. The parties' motion practice must focus on the issues actually in dispute.

[3] To the extent those obligations are not taken seriously, and motion practice ensues, the rules provide for monetary consequences as a means to "deter the abuse implicit in carrying or forcing to carry a discovery dispute to the court when no genuine dispute exists." *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (quoting advisory committee notes). To the extent both sides are not living up to their obligations, the Court may fashion other appropriate relief. *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *2 (D. Nev. July 27, 2010) (imposing sanction of public admonishment).