CHRISTOPHER M. PETERSON
Nevada Bar No.: 13932
TATIANA R. SMITH
Nevada Bar No.: 16627
JACOB SMITH
Nevada Bar No.: 16324
**AMERICAN CIVIL LIBERTIES**
**UNION OF NEVADA**
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
         tsmith@aclunv.org
         jsmith@aclunv.org

MARGARET A. MCLETCHIE
Nevada Bar No.: 10931
LEO S. WOLPERT
Nevada Bar No.: 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300
Fax: (702) 425-8220
Email: efile@nvlitigation.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT COURT OF NEVADA

| | |
|---|---|
| LISA MCALLISTER, an individual; BRANDON SUMMERS, an individual; and JORDAN POLOVINA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CLARK COUNTY, a political subdivision of the state of Nevada, <br><br> Defendant. | Case Number: 2:24-cv-00334 <br><br> **Order to** <br> **Extend Time for Discovery Deadlines** <br> **(Third Request)** |

The Parties hereby stipulate and agree to extend the Discovery Plan and Scheduling Order an additional 60 days. This stipulation is sought in good faith and not for the purposes of delay.

I.   **Status of discovery**

Discovery conducted before the second stipulation to extend time for discovery was submitted to this Court is *italicized*.

   **A. Plaintiffs' discovery**

1. *Plaintiffs' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated May 20, 2024.*

2. *Plaintiffs' First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated September 17, 2024.*

3. *Plaintiffs' First Set of Requests for Production to Defendant dated September 25, 2024.*

4. *Plaintiffs' First Set of Interrogatories to Defendant dated October 4, 2024.*

5. Plaintiffs' Motion to Compel and Motion for Sanctions dated January 24, 2025.

6. Plaintiffs' Second Set of Interrogatories to Defendant dated and served February 6, 2025.

7. Plaintiffs' Second Set of Requests for Production to Defendant dated and served February 6, 2025.

8. Plaintiffs' First Set of Requests for Admission dated and served February 6, 2025.

9. Plaintiffs' Notice of Subpoena for Documents for Las Vegas Metropolitan Police Department dated February 5, 2025.

10. Plaintiffs' Notice of Subpoena for Documents for William H. Sousa dated February 5, 2025.

11. Plaintiffs' Subpoena for Documents addressed to the Las Vegas Metropolitan Police Department dated February 20, 2025.

12. Plaintiffs' Reply in Support of Motion to Compel and Motion for Sanctions dated February 21, 2025.

13. Plaintiffs' Subpoena for Deposition of William H. Sousa was sent dated March 3, 2025.

14. Plaintiffs' Subpoena for Documents addressed to William H. Sousa dated March 3, 2025.

15. Plaintiffs' Third Set of Interrogatories to Defendant dated March 12, 2025.[1]

---

[1] Defendant will respond to this interrogatory within 14 days as agreed upon at the March 12, 2025, meet and confer.

**B. Defendant's discovery**

16. *Defendant's Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated September 17, 2024.*

17. *Defendant's Answers to Plaintiffs' First Set of Interrogatories to Defendant dated November 14, 2024.*

18. *Defendant's Responses to Plaintiffs' First Set of Requests for Production to Defendant dated November 14, 2024.*

19. *Defendant's First Supplemental Disclosures dated November 14, 2024.*

20. *Defendant's Second Supplemental Disclosures dated December 17, 2024.*

21. *Defendant's Third Supplemental Disclosures dated December 19, 2024.*

22. *Defendant's Fourth Supplemental Disclosures dated January 8, 2025.*

23. *Defendant's First Supplemental Responses to Plaintiff's First Request for Production dated January 9, 2025.*

24. *Defendant's Fifth Supplemental Disclosures dated January 16, 2025.*

25. Defendant's Opposition to Plaintiffs' Motion to Compel and Motion for Sanctions and Countermotion for Protective Order and Sanctions date February 7, 2025.

26. Defendant's Initial Expert Disclosure for William Sousa dated February 25, 2025.

27. Defendant's Answer to Plaintiffs' Second Set of Requests for Production dated March 3, 2025.

28. Defendant's Answer to Plaintiffs' First Set of Requests for Admission dated March 3, 2025.

29. Defendant's Sixth Supplemental Disclosure dated March 3, 2025.

30. Defendant's Answer to Plaintiffs' Second Set of Interrogatories dated March 5, 2025.

31. Defendant's First Set of Requests for Admissions to Plaintiffs dated March 6, 2025.

32. Defendant's First Set of Interrogatories to Plaintiffs dated March 6, 2025.

**C. Parties' joint discovery and Court orders**

33. *Meet and confer between counsel for Plaintiffs and Defendant Clark County held on December 19, 2024, from approximately 15:00 PST to 17:00 PST regarding Plaintiffs First Set of*

*Interrogatories and Request for Production.*

34. *Stipulation to amend complaint filed on January 6, 2025.*

35. Meet and confer held on February 18, 2025, from approximately 15:00 PST to 16:00 PST between counsel for Plaintiffs and Defendant Clark County regarding the notices of subpoenas to William H. Sousa and Las Vegas Metropolitan Police Department.

36. Court Order on Plaintiffs' Motion to Compel and Defendant's Motion for Protective Order dated March 5, 2025.

37. Meet and confer held on March 12, 2025, from approximately 10:00 PST to 11:30 PST, between counsel for Plaintiffs and Defendant Clark County regarding Plaintiffs' First and Second Set of Interrogatories, Plaintiffs' First and Second Set of Requests for Production, and Plaintiffs' First Set of Requests for Admission.

**II.      Discovery that remains to be completed**

**A.   Additional disclosures following March 12, 2025, meet and confer.**

38. Defendant Clark County agreed to provide additional documents and communications based upon parameters agreed upon at March 12, 2025, meet and confer.

39. New disclosures will include materials from criminal cases charged pursuant CCC 16.13.030 in possession of Defendant Clark County's District Attorney's Criminal Division, communications and other documents related to pedestrian traffic on the bridges, and the results of key word searches of email communications sent to and from specific County employees and email account handles.

40. Defendant Clark County expects that disclosure following this meet and confer will be significant and the current prediction is thousands of documents comprising approximately a terabyte of electronic files.

41. Depending on the result of the agreed upon searches, parties believe that additional searches may need to occur either to limit the scope of documents produced or the recover documents not previously identified prior to the search.

42. Defendant Clark County's counsel will need additional time to complete the agreed upon searches due to a pressing family emergency.

43. Defendant Clark County will also amend its privilege log for previously disclosed communications between the Clark County District Attorney's Office and a Clark County employee in relation to CCC 16.13.030.

**B. Discovery related to William H. Sousa**

44. Deposition of William H. Sousa is currently scheduled for March 19, 2025; however, this deposition will need to be rescheduled due to Defendant Clark County counsel's and Sousa's unavailability.

45. Disclosure of documents from William H. Sousa originally scheduled for March 17, 2025; currently in discussions to reschedule to early March 26, 2025.

46. After discussing with Plaintiffs' counsel during the March 12, 2025, meet and confer, Defendant Clark County is amending its expert witness notice and disclosures to provide data Sousa relied upon in reaching the conclusions provided in his report as required by FRCP 26(a)(2)(B)(ii).

47. Plaintiffs having been actively working to secure a rebuttal expert. The following information is relevant to this effort:

   a. Since the expert retained by County covers County's stated interests of reducing criminal disorder and addressing threat of "crowd crush" on the pedestrian bridges, this may require multiple rebuttal witnesses.

   b. Plaintiffs need the data Sousa relied upon to adequately inform potential rebuttal expert.

   c. Plaintiffs are still reviewing the documents disclosed this month by LVMPD and Defendant Clark County to determine whether they would be relevant to rebutting Sousa's opinion.

   d. Plaintiffs have contacted multiple potential candidates but are still going through a list of referrals and have also contacted multiple professional networks.

   e. Plaintiffs have conducted a full interview of a potential candidate and intend to conduct more as candidates confirm that they are qualified to serve as an expert on the opinions identified in Sousa's report.

### C. LVMPD Subpoena

48. After meeting and conferring with Defendant Clark County, Plaintiffs served a subpoena duces tecum on LVMPD.

49. LVMPD complied in part and objected in part to Plaintiff's subpoena.

50. Plaintiff's counsel is arranging a meet and confer with Las Vegas Metropolitan Police Department regarding the scope of redactions and documents withheld in LVMPD's response to Plaintiffs' subpoena. Based on current discussions, the meet and confer will likely take place the week of March 17, 2025.

51. The records in LVMPD's possession related to data collected from the pedestrian bridges is likely relevant to Sousa's testimony.

### D. Other discovery

52. Plaintiff intends to conduct a 30(b)(6) deposition of Defendant Clark County following the disclosure of documents as agreed upon during the March 12, 2025, meet and confer.

53. Plaintiff intends to depose Kaizad Yazdani, who was disclosed by Clark County as potential witness, Defendant Clark County indicated that it will be disclosing additional documents in Yazdani's possession following the March 12, 2025, meet and confer.

54. Plaintiff intends to depose an employee of Kimley Horn as that entity conducted multiple pedestrian studies in Resort Corridor over multiple years including studies regarding the pedestrian bridges.

   a. Defendant Clark County is potentially disclosing additional documents related to Kimley Horn's work on behalf of the County in the context of those studies.

55. Parties may need to depose other witnesses depending on the documents disclosed by Defendant Clark County following meet and confer.

56. Plaintiffs will need to respond to Defendant Clark County's outstanding Interrogatories and Requests for Admission.

### III. Why an extension is necessary

The Parties seek a 60-day extension for the current discovery deadlines in the Discovery Plan and Scheduling Order [ECF No. 54]. This extension is necessary for the Parties to adequately

conduct discovery for the following reasons. The Parties together request this in good faith and to further the resolution of this complicated case on the merits, possible settlement and not for any purpose of delay.

Pursuant to Local Rule 26-3, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than twenty-one (21) days before the expiration of the subject deadline and be supported by a showing of good cause ("A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension."). Here, the Parties contend that good cause exists to extend these deadlines.

The parties have been diligently engaging in discovery. Since the previous request for an extension of time Plaintiffs' have sent sets of interrogatories, requests for production, and requests for admission to Defendant. Plaintiffs' have also noticed, met and conferred with the Defendant and then served subpoenas for documents to the Las Vegas Metropolitan Police Department and William H. Sousa. Plaintiffs have already met and conferred with counsel for Las Vegas Metropolitan Police Department and another meet and confer (now with outside counsel) is now scheduled for next week.

In turn, Defendant Clark County has noticed an expert witness, answered Plaintiffs' second set of interrogatories, and sent their first set of requests for admissions and interrogatories to Plaintiff. Plaintiffs have already scheduled a deposition for Clark County's expert.

In addition to these efforts, the parties have engaged in substantive litigation related to discovery disputes. While the Court denied the parties motions without prejudice, the clarification regarding the scope of discovery in the Court's order on March 6, 2025, assisted the parties in having a productive meet and confer on March 12, 2025. While outstanding issues remain between the parties and some (more limited) motion practice may follow, the unresolved issues are already much more narrow than they were prior to the Court's order.

However, more time is needed. During the March 12th meeting Defendant Clark County indicated that the anticipated response to Plaintiffs Requests for Productions would likely include thousands of documents resulting in approximately a terabyte of data. Producing and then

reviewing this large quantity of records will require extensive work on both Parties.

Additionally, Defendant's counsel will be delayed in conducting this search due to a family medical emergency he must attend to that will leave him unavailable throughout the week of March 17, 2025.

The expert deposition of William H. Sousa also must be conducted. This deposition was originally scheduled for March 19, 2025. A response to Plaintiffs' subpoena duces tecum was also scheduled for March 17, 2025. However, both Sousa and Defendant's counsel are unavailable that day or any time throughout the week of March 17, 2025, requiring parties to reschedule both the response and the deposition. Furthermore, the parties have agreed that Defendant Clark County will be disclosing additional information related to Sousa's opinions, specifically the data he relied upon in reaching his conclusions.

The extension will not only allow the parties to resolve outstanding issues with as limited court intervention as possible, it will also allow them to sequence and organize the remaining depositions efficiently, including depositions. For example, Plaintiffs believe that the supplemental disclosures will be relevant to future depositions of Clark County witnesses or 30(b)(6) deponents.

Finally, Plaintiffs are actively seeking a rebuttal expert and have actively sought candidates throughout late January, February, and now early March through both direct contact and professional networks. Despite communicating with multiple candidates and conducting one interview already, Plaintiffs are still searching for a rebuttal expert. Furthermore, Plaintiffs believe that the deposition of William H. Sousa and the release of outstanding expert records will be relevant in ensuring that any rebuttal expert noticed by Plaintiffs is sufficiently responsive to Sousa's position.

For all these reasons, good cause exists to extend the deadlines and doing so will allow an efficient but meaningful resolution on the merits.

[this space intentionally blank]

IV. Proposed schedule for completing the remaining deadlines

|  | Current Deadline | [Proposed] New Deadline |
|---|---|---|
| Amend pleadings and add parties | January 2, 2025 | Past due / unchanged |
| Initial expert disclosures | March 3, 2025 | Past due / unchanged |
| Rebuttal expert disclosures | April 4, 2025 | June 3, 2025 |
| Discovery cut-off | May 2, 2025 | July 1, 2025 |
| Dispositive motions due | June 2, 2025 | August 1, 2025 |
| Pretrial order due | July 2, 2025 | August 31, 2025 |

[this space intentionally blank]

V.  **Extension of time to renew motion practice**

This Court's order on March 6, 2025, [ECF 81] stated that any renewed motion practice on these discovery disputes must be brought no later than March 26, 2025. Due to the progress made during the meet and confer as well as the Parties current plan for the release of discovery the parties ask that this deadline be extended to April 25, 2025. Defendant will make any additions to its privilege log and supplement its discovery responses as discussed at the March 12, 2025, meet and confer by April 11, 2025. This will allow the Parties 14 days to negotiate any disagreements regarding discovery and renew motion practice should that be necessary.

Respectfully submitted by:

Dated: March 14, 2025.

/s/ Joel K. Browning
JOEL K. BROWNING
Nevada Bar No.: 14489
JEFFREY S. ROGAN
Deputy District Attorney
Nevada Bar No. 10734
**STEVEN B. WOLFSON DISTRICT ATTORNEY**
500 South Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155-2215
*Attorney for Defendant Clark County*

/s/ Jacob Smith
CHRISTOPHER M. PETERSON
Nevada Bar No.: 13932
TATIANA R. SMITH
Nevada Bar No.: 16627
JACOB SMITH
Nevada Bar No.: 16324
**AMERICAN CIVIL LIBERTIES UNION OF NEVADA**
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032

MARGARET A. MCLETCHIE
Nevada Bar No.: 10931
LEO S. WOLPERT
Nevada Bar No.: 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
*Attorneys for Plaintiffs*

## ORDER

The above Stipulation is hereby GRANTED.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 17, 2025