# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LISA MCALLISTER, *et al.*,

    Plaintiffs,

v.

CLARK COUNTY,

    Defendant.

Case No.: 2:24-cv-00334-JAD-NJK

**Order**

[Docket No. 84]

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 84.

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). Given the importance of scheduling orders and the well-established expectation that

---

[1] Such a request is also governed by Local Rule 26-3.

1

they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

The stipulation seeks relief due to Defendant's failure to complete its productions and failure to supplement responses. Docket No. 84 at 5. Additionally, the stipulation submits that Plaintiffs noticed two depositions that had to be rescheduled due to the delays in production, and that they are still actively seeking a rebuttal expert. *Id*. at 9. Further, the parties submit that Defendant's lead counsel has had some unanticipated absences. *Id*. The parties request additional time to resolve outstanding issues and to "come to workable solutions on IT and e-mail requests and to sequence and organize the remaining depositions efficiently." *Id*.

Good cause is lacking here. The parties' initial Rule 26(f) conference took place <u>one year ago</u>, Docket No. 35 at 1, the scheduling order was entered on September 5, 2024, Docket No. 54, and the parties have been granted <u>three</u> discovery deadline extensions. *See* Docket Nos. 58, 64, 83. The Court will, nonetheless, allow a 60-day extension of the current deadlines in an effort to resolve this case on its merits. <u>The Court is not inclined to extend deadlines further.</u>

The parties also seek to extend the deadline for Defendant to update Plaintiffs' counsel, supplement its discovery responses, and for any renewed motion practice to be filed. Docket No. 84 at 11. The parties fail to explain why they need 3 weeks to review the provided information and meet and confer. *See id*. Such an extension appears excessive on its face in relation to the already protracted discovery period. Accordingly, Defendant is **ORDERED** to update Plaintiffs' counsel of all searches performed and collection efforts to date by May 9, 2025, and further **ORDERED** to supplement its discovery responses no later than May 15, 2025. Any renewed motion practice must be brought no later than May 20, 2025

Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Docket No. 84. Deadlines are **RESET** as follows:

- Renewed motion practice: May 20, 2025
- Rebuttal expert: August 4, 2025
- Discovery cutoff: September 2, 2025
- Dispositive motions: September 30, 2025

2

- Joint proposed pretrial order: October 30, 2025, 30 days after resolution of dispositive motions, or by further Court order

IT IS SO ORDERED.

Dated: April 28, 2025

                                                Nancy J. Koppe
                                                United States Magistrate Judge