**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lisa McAllister, et al.,

      Plaintiffs

v.

Clark County,

      Defendant

Case No.: 2:24-cv-00334-JAD-NJK

**Order Granting Nevada Resort Association's Motion for Leave to File Amicus Curie Brief and Setting Briefing Schedule on Motions for Summary Judgment**

[ECF No. 112]

Plaintiffs Lisa McAllister, Brandon Summers, and Jordan Polovina sue Clark County, Nevada, over a county ordinance that prohibits people from stopping or standing on the pedestrian bridges that cross the Las Vegas Strip, contending that the ordinance violates the United States Constitution. Discovery in this case has closed and the parties cross-move for summary judgment. The Nevada Resort Association (NRA) moves to file an amicus curie brief in support of Clark County's motion, contending that it has relevant expertise and perspective that would aid the court in resolving this case.[1] Plaintiffs oppose, arguing that the NRA's amicus brief reads like a unpermitted nonparty summary-judgment motion, includes exhibits that did not stem from the parties' discovery efforts, and doesn't provide any unique argument or perspective that Clark County itself cannot provide.[2] I stayed briefing on the summary-judgment motions pending a ruling on the NRA's participation request.[3]

---

[1] ECF No. 112.

[2] ECF No. 115.

[3] ECF No. 113.

After reviewing the amicus brief and plaintiffs' arguments in opposition to it, I grant the NRA's motion to file its amicus brief. But I do so with a caveat. I have not yet determined how much the NRA's brief will aid in the court's resolution of the summary-judgment motions, nor have I concluded that the nonparty brief properly presents evidence that may not have been produced in discovery. So it may be that I ultimately do not consider the brief at all when resolving the parties' cross-motions.[4] But in the interest of moving the summary-judgment briefing along, I permit the NRA to file the brief, and I give plaintiffs the opportunity to respond to its substance and assert any objections about the brief and its exhibits. I will address those objections, to the extent necessary, in my ultimate summary-judgment order.

## Conclusion

IT IS THEREFORE ORDERED that the Nevada Resort Association's motion for leave to file an amicus brief in support of Clark County's summary-judgment motion **[ECF No. 112] is GRANTED**. Plaintiffs may file a response, of no more than 30 pages, to the amicus brief by March 10, 2026. No further briefing on the amicus curie brief will be permitted.

IT IS FURTHER ORDERED that the **parties' responses to the pending motions for summary judgment (ECF Nos. 103, 105) must be filed by Friday, February 13, 2026**. Any replies are due Friday, February 27, 2026.

_____
U.S. District Judge Jennifer A. Dorsey
January 23, 2026

---

[4] *See generally Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (noting that courts may grant leave to file an amicus brief "if the information offered is timely and useful" (citation omitted)); *Portland Pipe Line Corp. v. City of S. Portland*, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017) (adopting "the practice advice of then-Judge Samuel Alito, who essentially suggested that, assuming . . . other criteria are met, the court should grant the motion for leave to file an amicus brief and take the brief for what its worth").