**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lisa McAllister, et al.,

      Plaintiffs

v.

Clark County,

      Defendant

Case No.: 2:24-cv-00334-JAD-NJK

**Order Denying Motion to Dismiss and Joining Party under Rule 21**

[ECF No. 102]

Clark County enacted a "flow-zone" ordinance criminalizing stopping, standing, or intentionally causing someone to stop or stand on the Strip's pedestrian bridges.[1]  Lisa McAllister, Brandon Summers, and Jordan Polovina challenge that law and request that the court declare the flow-zone ordinance unconstitutional and enjoin its enforcement.[2]  But plaintiffs sued Clark County only.  Clark County thus moves to dismiss Summers and Polovina's as-applied First Amendment challenge,[3] contending that it acts only as a legislative body in this context and cannot redress their injury.  The wholly separate Las Vegas Metropolitan Police Department enforces the ordinance,[4] and the independently elected and run district attorney's office

---

[1] Clark Cnty. Code § 16.13.030.

[2] *See* ECF No. 61.

[3] Clark County does not move to dismiss plaintiffs' Fourteenth Amendment claim, facial challenge under the First Amendment, or Nevada Constitutional claims.

[4] Nev. Rev. Stat. § 280.010; *Palm v. Las Vegas Metro. Police Dep't*, 142 F.3d 444, at *1 (9th Cir. 1998) (unpublished) ("The [Las Vegas Metropolitan Police Department] and the County are separate entities.").  Plaintiffs do not contest this point.

prosecutes violations,[5] so Clark County submits that enjoining it would be pointless, and any relief would essentially be an impermissible advisory opinion.

While this court cannot enjoin Clark County in its legislative role, I deny the motion because I find that suing Clark County is at least partially inclusive of suing the district attorney's office. I also join District Attorney Steven B. Wolfson to this action under Federal Rule of Civil Procedure 21 to resolve any lingering jurisdictional issues.

**A.   The Clark County Board of Commissioners cannot redress the plaintiffs' injuries.**

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."[6] Although Clark County raises standing very late into this suit, "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."[7] The party asserting federal jurisdiction thus has the burden of establishing a case or controversy for Article III standing.[8] Among other things, the party asserting federal jurisdiction must show a favorable judicial decision would redress his injury.[9]

---

[5] Nev. Rev. Stat. §§ 252.020, 252.070, 252.080, 252.110; *Cairns v. Sheriff, Clark Cnty.*, 508 P.2d 1015, 1017 (Nev. 1973) ("The matter of the prosecution of any criminal case is within the entire control of the district attorney."); *Webb v. Sloan*, 330 F.3d 1158, 1165 (9th Cir. 2003) ("Nevada district attorneys are final policymakers in the particular area or particular issue relevant here: the decision to continue to imprison and to prosecute."); ECF No. 119 at 2 ("Clark County and the Clark County Board of County Commissioners have no control over the charging decisions, prosecutorial discretion, or policy of the District Attorney's Office which is set by the district attorney—an elected official not subject to the control of the Clark County Board of County Commissioners.").

[6] *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37 (1976).

[7] *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

[8] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).

[9] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

"Remedies, however, ordinarily operate with respect to specific parties,"[10] and "[t]he equitable powers of federal courts are limited by historical practice."[11]  Although "a court exercising equitable authority may enjoin named defendants from taking unlawful actions," "under traditional equitable principles, no court may enjoin the world at large or purport to enjoin challenged laws themselves."[12]  Rather, a party must identify some official's enforcement authority that a federal court can parlay into an injunction.[13]  And "even [if] a plaintiff requests relief that would redress her claimed injury, there is no redressability if a federal court lacks the power to issue such relief."[14]

Clark County equates a suit against it to a suit against the Clark County Board of County Commissioners,[15] and it contends that the commissioners are just "the legislative body that passed the ordinance" and are not capable of being enjoined in this context.[16]  To the extent this is true, the plaintiffs cannot obtain redress from the commissioners.  Declaratory relief alone does not sufficiently redress an injury for standing purposes if other relief is unavailable.[17]

---

[10] *California v. Texas*, 593 U.S. 659, 672 (2021) (cleaned up).

[11] *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021).

[12] *Id.* (cleaned up).

[13] *Id.*; *Commw. of Mass. v. Mellon*, 262 U.S. 447, 488 (1923) ("If a case for preventive relief be presented, the court enjoins, in effect, not the execution of the statute, but the acts of the official, the statute notwithstanding.").

[14] *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018).

[15] *See* ECF No. 119 at 2.  *See also* Nev. Rev. Stat. § 12.105 ("Any political subdivision, public corporation, special district, or other agency of state or local government which is capable of being sued in its own name may be sued by naming it as the party without naming the individual members of its governing body in their representative capacity.").

[16] ECF No. 119 at 11.

[17] *See California*, 593 U.S. at 673 ("In these circumstances, injunctive relief could amount to no more than a declaration that the statutory provision they attack is unconstitutional, i.e., a declaratory judgment.  But once again, that is the very kind of relief that cannot alone supply

Injunctive relief is disfavored against legislative acts; a federal judge generally cannot order a state legislative body to enact, modify, or repeal legislation.[18]  Although the Ninth Circuit recognizes limited circumstances in which federal courts may use equitable relief to enmesh themselves in the legislative process,[19] "structural constitutional limits" and "principles of federalism counsel against awarding affirmative injunctive and declaratory relief that would require state officials to repeal an existing law and enact a new law proposed by plaintiffs."[20] And the plaintiffs have not requested such an extraordinary injunction[21] nor shown that such an

jurisdiction otherwise absent."); *Martinez v. Newsom*, 46 F.4th 965, 972 (9th Cir. 2022) ("[Declaratory] relief, standing alone, can[not] save Plaintiffs' claims.").

[18] *New Orleans Water Works Co. v. City of New Orleans*, 164 U.S. 471, 481 (1896) ("The passage of ordinances by such bodies are legislative acts, which a court of equity will not enjoin."); *M.S.*, 902 F.3d at 1087 (noting that, "[a]lthough the scope of this pronouncement may be overbroad," "we agree with" the principle that a "[f]ederal [j]udge [cannot] to order a state legislative body to enact legislation" and "[t]he enactment of legislation is not a ministerial function subject to control by mandamus, prohibition or the injunctive powers of a court"); *Kallas v. Egan*, 842 F. App'x 676, 679 (2d Cir. 2021) ("However, federal courts may not require Congress and state legislatures to exercise their legislative powers.").

[19] *See L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 701 (9th Cir. 1992); *M.S.*, 902 F.3d at 1087–89 (noting that "federal courts have jurisdiction to order a remedy requiring the enactment of legislation in certain narrow circumstances" and that it previously "held that a plaintiff could seek declaratory relief that would have required the California Legislature to amend a state statute to authorize more judgeships and the governor to fill the new positions").  "Most notably, the federal courts' continuing equitable jurisdiction in voting rights cases has included the power to approve or veto legislation before it becomes law." *Associated Gen. Contractors of Am. v. City of Columbus*, 172 F.3d 411, 416 (6th Cir. 1999).

[20] *M.S.*, 902 F.3d at 1087–89 (cleaned up); *Jacobson v. Tahoe Reg'l Plan. Agency*, 566 F.2d 1353, 1366 (9th Cir. 1977), *aff'd in part, rev'd in part sub nom. Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391 (1979) ("[Plaintiffs] asks the court to order the members of the governing board to repeal the existing ordinance and to enact a new ordinance permitting their proposed developments.  Principles of federalism counsel against such affirmative intrusion into the executive branch of an agency of state or local government.").

[21] ECF No. 61.

4

injunction is appropriate here.[22]  So the commissioners are not proper defendants in this suit and for plaintiffs' requested relief.

**B.      Clark County is the proper defendant for a suit against the Clark County District Attorney's Office.**

Instead of the commissioners, all parties—and Ninth Circuit precedent[23]—agree that Clark County District Attorney Steven B. Wolfson can redress plaintiffs' injuries.  Nevada law vests prosecutorial authority in the county district attorney.[24]  The district attorney may then delegate that power to deputy district attorneys.[25]  The parties don't dispute these axioms, but they debate whether suing Clark County is inclusive of suing the district attorney and his office.

Clark County contends that suing the county is not coextensive with suing the district attorney or his office because the commissioners lack control over the district attorney.[26]  It compares this situation to suing the legislature or governor to enjoin the attorney general.[27]  Plaintiffs contend that Clark County and the district attorney's office are the same entity based on my unpublished decision in another case and a magistrate judge's report and recommendation

---

[22] *Cf. Associated Gen. Contractors*, 172 F.3d at 417 (holding that district court lacked equitable jurisdiction to enjoin legislative process because "once the district court declared the [challenged statute] unconstitutional and enjoined its further enforcement, the court had remedied the constitutional violation, and there was no lingering or continuing condition that itself offended the Constitution").

[23] *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) ("The . . . county prosecutor acknowledges, correctly, that he is a proper defendant with regard to those provisions creating the potential for prosecution.").

[24] Nev. Rev. Stat. § 252.110.

[25] Nev. Rev. Stat. § 252.070(1).

[26] ECF No. 119 at 2.

[27] *Id.* at 8.

from this district.[28]  Plaintiffs also maintain that Clark County "certainly [can] compel or direct its own district attorneys not to enforce [the flow-zone ordinance.]"[29]

While none of the cases that plaintiffs cite actually stands for that proposition, Nevada law does recognize that the "[d]istrict [a]ttorney's office is not a suable entity because it is a department of [a c]ounty, not a political subdivision."[30]  In other words, suits against a district attorney's office are properly brought against the county.[31]  An injunction against the county thus would include the district attorney's office's employees[32] because Federal Rule of Civil Procedure (FRCP) 65(d)(2)(B) extends the court's equitable relief to "the parties' officers, agents, servants, employees, and attorneys."  So suing the county can currently redress plaintiffs' injury through these employees, and the court thus has enough of a redressability hook to keep Clark County in plaintiffs' as-applied challenge.

**C.      The court joins Clark County District Attorney Steven B. Wolfson.**

But prosecutorial authority—and plaintiffs' redress—ultimately rests with the district attorney.  The delegation of prosecutorial authority to his employees is permissive, and "[c]onceivably, the [district attorney] could constrain that authority."[33]  And whether suing Clark County is inclusive of suing the separately elected district attorney himself is less clear.  But the

---

[28] ECF No. 117 at 4.

[29] *Id.* at 6.

[30] *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996).  Federal Rule of Civil Procedure 17(b) states that state law governs an entity's capacity to be used.

[31] *Wayment*, 912 P.2d at 819.

[32] No party has suggested that the deputy district attorneys have not been delegated prosecutorial authority and are not employees of the county.

[33] *Webb*, 330 F.3d at 1164–65.

Federal Rules of Civil Procedure provide a much simpler solution than resolving that question of state constitutional and statutory law.

FRCP 21 allows the court "at any time, on just terms, [to] add or drop a party" on its own motion. While FRCP 21 should be used sparingly, a party is appropriately joined under this rule if "(1) failure to join a party would result in meaningless proceedings in the district court, thereby thwarting the interests of judicial economy" and "(2) joinder would allow the original plaintiff to perfect jurisdiction for its claims and thereby recover its requested relief."[34]

If this court were to dismiss this claim or find relief incomplete, it would certainly result in a motion for leave to amend to name the district attorney and would raise additional issues with the parties' pending summary judgment motions—all of which would needlessly protract this litigation. Naming the district attorney would also definitively resolve the parties' dispute over jurisdiction. I find the terms just, this joinder resolves only a rather technical standing issue, and Steven Wolfson cannot claim to be prejudiced because his office represents Clark County in this action.[35] So I join as a defendant Clark County District Attorney Steven B. Wolfson in his official capacity to each cause of action.[36]

---

[34] *Bain v. Cal. Tchrs. Ass'n*, 891 F.3d 1206, 1215 (9th Cir. 2018).

[35] His name appears on every pleading including this motion to dismiss. ECF No. 102 at 1. Ninth Circuit precedent also supports using Rule 21 to resolve such issues. For example, during the pendency of a federal case against the Maricopa County Sheriff's Office, the Arizona Court of Appeals determined that the sheriff's office was a "non-jural entity" or "lacked separate legal status from the County and therefore was incapable of suing or being sued in its own name." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015). The *Melendres* panel concluded that FRCP 21 allowed it to name a proper jural entity, Maricopa County, to resolve that jurisdictional issue. *Id.*

[36] Although Clark County moved to dismiss only the as-applied First Amendment challenge, Plaintiffs' claim under Article 1, § 9 of the Nevada Constitution incorporated the as-applied challenge. And the remaining claims also have the same potential jurisdictional defect, so I join Steven Wolfson to those claims too.

**Conclusion**

IT IS THEREFORE ORDERED that Clark County's motion to dismiss **[ECF No. 102] is** **DENIED**.  The court **JOINS** Clark County District Attorney Steven B. Wolfson, in his official capacity, as a defendant.  The clerk is directed to **ADD** Clark County District Attorney Steven B. Wolfson to the docket as a defendant.  The parties are **ORDERED** to submit a joint status report by May 22, 2026, explaining whether Wolfson intends to join Clark County's pending motion for summary judgment.

_____
U.S. District Judge Jennifer A. Dorsey
May 13, 2026